**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| In re:<br><br>JAMES THOMAS WILSON,<br><br>                              Debtor. | Case No. 21-50025-FJS<br><br>Chapter 13 |
| ONEMAIN FINANCIAL GROUP, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JAMES THOMAS WILSON,<br><br>                              Defendant. | Adv. Proc. No.: 21-_____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW your plaintiff, OneMain Financial Group, LLC ("OneMain"), by counsel, pursuant to 11 U.S.C. § 523 and Rule 4007 of the Federal Rules of Bankruptcy Procedure, and for its Complaint states as follows:

**Parties and Jurisdiction**

1.      James Thomas Wilson ("Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 13, 2021.

---

Trevor B. Reid (VSB #77233)
PARKER, POLLARD, WILTON & PEADEN, P.C.
6802 Paragon Place, Suite 205
Richmond, Virginia 23230-1655
(804) 262-3600 – *telephone*
(804) 262-3284 – *facsimile*
treid@parkerpollard.com
*Counsel for the Plaintiff*

00952517.1

2. OneMain is interested in this matter as a creditor, as more particularly described below.

3. This is an action to determine the dischargeability of certain indebtedness of Debtor to OneMain, pursuant to 11 U.S.C. § 523.

4. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1334, 11 U.S.C. §§ 523, 1328, and the standing order of reference from the United States District Court for the Eastern District of Virginia.

**Factual Background**

5. On December 22, 2020, OneMain made an unsecured loan to the Debtor in the principal amount of $2,873.92 (the "Loan"). The Loan is evidenced by a Loan Agreement and Disclosure Statement dated December 22, 2020, of which a true and accurate copy is attached hereto as Exhibit A.

6. In requesting the Loan, the Debtor executed and submitted to OneMain an Application for Loan (the "Loan Application"), of which a true and accurate copy is attached hereto as Exhibit B.

7. From the proceeds of the Loan, $2,600.00 was disbursed in cash to the Debtor.

8. Debtor filed this bankruptcy case only 22 days after obtaining the Loan.

9. As of the petition date, the balance of the Loan was $3,076.73. *See* Claim 2-1.

**Count I – Dischargeability (11 U.S.C. § 523(a)(2)(A))**

10. The allegations of paragraphs 1 through 9 are incorporated herein and realleged as if fully set forth herein.

11. 11 U.S.C. § 523(a) provides, in relevant part:

> A discharge under section … 1328(b) of this title does not discharge an individual debtor from any debt—
>
> …
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition …

12. As this Court has previously explained:

> For a breach of contract to result in a nondischargeable debt [under § 523(a)(2)(A)], the debtor must have misrepresented his or her intention to perform contractual duties, *which may be inferred if the debtor failed to begin performance*. In other words, there must be a present intention not to perform when the future performance is promised.

*Ocean Equity Group, Inc. v. Wooten (In re Wooten)*, 423 B.R. 108, 121-122 (Bank. E.D. Va. 2010) (St. John, J.) (emphasis added; internal citations omitted).

13. The Debtor did not make a single payment on the Loan.

14. Based upon the Debtor's schedules, the Debtor was insolvent at the time the Loan was made.

15. Based upon the Debtor's schedules, his monthly net income as of the petition date was $475.91. *See* Sch. J § 23 (Doc. 1, at 40). At that time, the Debtor owed delinquent taxes of over $16,000.00 dating from 2014 to 2019, which debt was not disclosed on the Loan Application. Sch. E/F § 2.1 (Doc. 1, at 18). It is unlikely under these circumstances that the Debtor would have been able to service an additional monthly payment of $121.23 as called for by the Loan Agreement.

16. Although the Loan Application indicates the Debtor obtained the Loan for "bill consolidation", his schedules list nonpriority unsecured debt of $73,919.37, which is considerably *more* than the $11,255.00 shown on the Loan Application. At the same time, the Debtor had only $1,100.00 in cash on the petition date, suggesting that the proceeds of the Loan were spent for purposes other than bill consolidation. *See* Sch. A/B §§ 16, 17 (Doc. 1, at 12).

17. Based upon the foregoing, and the Debtor's financial condition as shown by the schedules filed herein, the Debtor had no intention of paying the Loan at the time he obtained it.

18. OneMain justifiably relied on the Debtor's implied representation that he intended to perform his contract, and would not have made the Loan but for such representation.

19. The Loan is therefore nondischargeable under 11 U.S.C. § 523(a)(2)(A).

**Count II – Dischargeability (11 U.S.C. § 523(a)(2)(B))**

20. The allegations of paragraphs 1 through 19 are incorporated herein and realleged as if fully set forth herein.

21. 11 U.S.C. § 523(a) provides, in relevant part:

> A discharge under section … 1328(b) of this title does not discharge an individual debtor from any debt—
>
> …
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> >
> > > (B) use of a statement in writing—
> > >
> > > > (i) that is materially false;
> > > >
> > > > (ii) respecting the debtor's or an insider's financial condition;
> > > >
> > > > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

> (iv) that the debtor caused to be made or published with intent to deceive … .

22. By signing the Loan Application, the Debtor represented and warranted to OneMain that:

> 1. The [Loan Application] was made for the purpose of showing the ability to repay the loan and induce [OneMain] to make the loan.
>
> 2. The list of creditors shown hereon is a full, complete, and correct list of all debts, bills and liabilities.
>
> 3. I/We have reviewed this application and it is true and correct.

23. The Loan Application materially misrepresented the Debtor's debts. As noted above, the Loan Application lists debts of only $11,255.00, while the Debtor's schedules show priority claims of over $16,000.00 and nonpriority unsecured debt of over $73,000. *See* Sch. E/F §§ 6(e), 6(j) (Doc. 1, at 33-34).

24. The Loan Application indicates that the Debtor's monthly net income was $1,123.00 (without taking into account payments on the Loan), while Schedule J shows monthly net income of only $475.91.

25. OneMain reasonably relied on the Debtor's representations in the Loan Application in making the Loan.

26. These representations were made with an intent to deceive.

27. The Loan is therefore nondischargeable under 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, your plaintiff, OneMain Financial Group, LLC, prays that this Court enter an order:

(A) Granting OneMain judgment against defendant James Thomas Wilson in the principal amount of $3,076.73, plus pre- and postjudgment interest and costs;

(B) Determining such judgment to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and/or 11 U.S.C. § 523(a)(2)(B); and

(C) Awarding OneMain such other and further relief as the Court may deem appropriate.

Respectfully submitted, this 22nd day of April, 2021.

ONEMAIN FINANCIAL GROUP, LLC

By: /s/ Trevor B. Reid
Trevor B. Reid (VSB #77233)
Stephen E. Scarce (VSB #42395)
Meredith L. Yoder (VSB #48951)
PARKER, POLLARD, WILTON & PEADEN, P.C.
6802 Paragon Place, Suite 205
Richmond, Virginia  23230-1655
(804) 262-3600 – *telephone*
(804) 262-3284 – *facsimile*
treid@parkerpollard.com
*Counsel for the Plaintiff*