**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**In re: JAMES THOMAS WILSON**                          **Case No. 21-50025-FJS**
     **Debtor**                                                    **Chapter 13**

---

**ONEMAIN FINANCIAL GROUP, LLC.**

　　**Plaintiff,**

**v.**                                                    **Adv. Pro. No. 21-05002-SCS**

**JAMES THOMAS WILSON**
     **Defendant.**

---

### ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW, James Thomas Wilson ("Defendant" or "Debtor"), by counsel, and files

this Answer to Complaint filed by OneMain Financial Group, LLC. ("Plaintiff"), and states as

follows:

### Parties and Jurisdiction

　　1.　　Admit.

　　2.　　Admit.

　　3.　　Admit.

　　4.　　Admit.

### Factual Background

　　5.　　Admit.

　　6.　　Admit.

Barry W. Spear (VSB #39152)
Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Rd., Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Defendant

7.      Admit.

8.      Admit.

9.      Admit.

## Count I

10.      Defendant's responses to Paragraphs 1 through 9 are hereby restated and incorporated by reference.

11.      This paragraph makes no affirmative allegation and merely is a recitation of a Code section.  To the extent it implies improper conduct and/or intent on the part of the Defendant, it is denied.

12.      This paragraph makes no affirmative allegation and merely cites to case law.  To the extent it implies improper conduct and/or intent on the part of the Defendant, it is denied.

13.      Admit.

14.      Admit.

15.      The schedules speak for themselves.  Defendant believed that he would be able to make the monthly payment called for pursuant to the terms of the loan and the allegation that it was unlikely that he would have been able to make the payment is denied.

16.      The schedules speak for themselves   The Defendant did use the proceeds of the loan to pay bills and other financial obligations.  To the extent this allegation asserts improper conduct and/or intent by the Defendant, it is denied.

17.      Deny.

18.      Deny.  OneMain did not justifiably rely upon the Debtor's loan application.  The Loan Application gave OneMain authority to make credit inquiries and there is not assertion that they took any steps to evaluate the Debtor's credit beyond the Loan Application.

19.     Deny.


## **Count II**


20.     The responses to Paragraphs 1 through 19 are hereby restates and incorporated

here.

21.     This paragraph makes no affirmative allegations and merely recites a Bankrutpcy

Code section.  To the extent it implies improper conduct and/or intent on the part of the

Defendant, it is denied.

22.     The Loan Application speaks for itself. To the extent this allegation implies

improper conduct or intent on behalf of the Defendant, it is denied.

23.     The schedules and loan application speak for themselves.  The Loan Application

asks for a listing of loans and the Debtor did fill this part of the Application out.  The application

does not ask for information regarding taxes. Further, the debtor believed certain accounts to be

so old as not be active debts.   In small print on the Application, there is language that the Debtor

listed all obligations owed.     However, in his mind, he had properly filled out the application.

Defendant denies any intent to make a material misrepresentation.

24.     The Defendant's Schedule J and the Loan application speak for themselves.  Deny

        and improper conduct and/or intent by the Defendant.

25.     Deny that OneMain reasonably relied on the Debtor's representations in making

the loan.   The Loan Application was filled out online and there is no assertion of any due

diligence by OneMain in verifying net income or any other aspect of the Debtor's financial

situation.

26.    Deny.

27.    Deny.

WHEREFORE, Defendant prays that the Court dismiss Plaintiff's Complaint and for

such other and further relief as to the Court may deem necessary and appropriate.

**JAMES THOMAS WILSON**


/s/ Barry W. Spear
Barry W. Spear (VSB #39152)
Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Rd., Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Answer was sent via CM/ECF to Trevor Reid, counsel
for Plaintiff, on May 24, 2021.


By:    /s/ Barry W. Spear
                Counsel for Debtor/Defendant